# United States District Court
# Central District of California

| | |
|---|---|
| MORGAN STANLEY SMITH BARNEY LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>BRENT JACOBS,<br><br>                Defendant. | Case No: 2:19-cv-04540-ODW (JCx)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [10]** |

## I. INTRODUCTION

Plaintiff Morgan Stanley Smith Barney LLC filed its Complaint on May 24, 2019. (ECF No. 1.) On the same day, Plaintiff filed its Ex Parte Application for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction ("Application"). (ECF No. 10-1.) Plaintiff seeks a temporary restraining order enjoining Defendant Brent Jacobs, a former employee of Plaintiff, from using Defendant's confidential and trade secret information to solicit Plaintiff's clients, and for Defendant to return Plaintiff's confidential and trade secret information. (Appl. 5–6.)

For the following reasons, the Court **DENIES** Plaintiff's Application.[1]

## II. FACTUAL BACKGROUND

Defendant previously worked as a financial advisor as Plaintiff's employee. (Compl. ¶ 6.) Defendant and his assistant, Kimberly Smith, resigned on May 17, 2019, to join a competitor, Wells Fargo Advisors, LLC ("Wells Fargo"). (Mem. of P. & A. ("Mem.") 1, ECF No. 10-2.) Plaintiff believes that Defendant retained files containing sensitive and confidential information of Plaintiff's clients, as well as Plaintiff's trade secret and proprietary information, and that Defendant intends to solicit Plaintiff's clients with that information. (Compl. ¶¶ 22, 23.) In support of its Application, Plaintiff attached photographs of Defendant's credenza drawers showing missing documents from the files. (Decl. of Bradley Dykes ("Dykes Decl.") ¶ 7, Exs. D, E, ECF Nos. 10-4, 10-5.) Plaintiff further alleges that due to Defendant's conduct, Plaintiff "no longer has access to much of this information and, as a result, is handicapped in trying to retain the business of and service these clients." (Mem. 1.)

During Defendant's employment with Plaintiff, Defendant agreed to abide by Plaintiff's code of conduct. (Compl. ¶ 12.) The code of conduct defined confidential information and stated that Defendant "must protect all confidential information" and that Defendant's "obligation to protect [the] confidential information continues even after [his] employment at Morgan Stanley ends." (*Id.*) Defendant electronically confirmed his certification to the code of conduct on May 14, 2018, and May 7, 2019. (Dykes ¶ 3, Ex. B.)

In February 2019, Plaintiff's Oxnard office, the office where Defendant worked, underwent renovations. (Compl. ¶ 15.) As part of the renovations and to economize space, Plaintiff encouraged its financial advisors to digitize the physical client files. (*Id.*) However, Plaintiff alleges that despite this policy, Defendant "maintained most, if not all, of his client files in hard copy." (*Id.*) Conversely,

---

[1] After carefully considering the papers filed in support of the application, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Defendant takes the position that he "discarded the out-of-date materials that were not required to be retained . . . [and] that all of the customer account documents and other records that were required to be retained had been scanned into Plaintiff's computer system." (Opp'n to Appl. ("Opp'n") 6, ECF No. 13.)

### III. LEGAL STANDARD

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952). The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Pursuant to Federal Rule of Civil Procedure 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The issuance of a temporary restraining order may not exceed 14 days "unless before that time the court, for good cause, extends it for a like period." Fed. R. Civ. Proc. 65(b)(2).

In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted). "The court may issue a

preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

## IV. DISCUSSION

### A. Likelihood of Success on the Merits

Plaintiff moves for this temporary restraining order on the basis that it will likely prevail on all four of its claims: misappropriation of trade secrets, conversion, breach of duty of loyalty, and unfair competition. (Mem. 5–11.) Plaintiff is not required to demonstrate it is likely to prevail on all of its claims for the issuance of a preliminary injunction. *See SuccessFactors, Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975, 983 (N.D. Cal. 2008) (granting preliminary injunction where plaintiff showed likelihood of success on only some of its ten claims).

To establish misappropriation of trade secrets, among other elements, a plaintiff must show that "the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means." *Aqua Connect, Inc. v. Code Rebel, LLC*, No. CV 11-5764-RSWL (MANx), 2012 WL 469737, at *2 (C.D. Cal. Feb. 13, 2012). The basis for a claim of conversion "rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff." *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014) (internal quotation marks omitted). A claim for breach of the duty of loyalty may can occur "when the employee takes action which is inimical to the best interests of the employer." *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 414 (2007). California's unfair competition law "prohibits unfair competition, meaning any unlawful, unfair, or fraudulent business act." *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 992 (S.D. Cal. 2012) (internal quotation marks omitted).

Plaintiff has not shown a likelihood of success on any of its claims to warrant a temporary restraining order or preliminary injunction. The premise of each of Plaintiff's claim is that Defendant removed confidential and trade secret information

upon his resignation and is currently using this information. However, based on the record before the Court, Plaintiff has only established that Defendant's credenza was empty, not that Defendant is in possession of Plaintiff's documents and files. Plaintiff does not provide the Court with any evidence that Plaintiff physically took this information with him. Nor did Plaintiff provide a computer forensic analysis showing that Defendant took the files with him electronically. Plaintiff essentially requests that the Court make an inferential leap that because Defendant's files are empty, that must mean that Defendant is in possession of the files. Recognizing that a temporary restraining order is a drastic remedy, the Court is not prepared to make such a jump.

Further, Defendant's actions appear to be in accord with Plaintiff's February 2019 request to financial advisors to convert essential physical files into electronic files. Although Plaintiff claims that Defendant and his assistant continued to maintain physical files, Defendant and his assistant declared that most of his physical files were purged in February 2019 pursuant to Plaintiff's policy and that essential documents were scanned to the system. (Decl. of Brent A. Jacobs ("Jacobs Decl.") ¶ 10, ECF No. 13; Decl. of Kimberley Smith ("Smith Decl.") ¶ 5, ECF No. 13.)

Even if the Court issued a temporary restraining order, the Court cannot force Defendant and his assistant to return documents or prohibit using documents they do not possess. The Court takes declarations under penalty of perjury seriously. Both Defendant and Ms. Smith have provided the Court with such declarations. The declarations state in unequivocal form that they do not have any of Plaintiff's information or documents, physically or electronically. Specifically, Defendant states that he has "*no* documents or information in [his] possession, custody or control which originated at, or are proprietary to Morgan Stanley. When [he] resigned from Morgan Stanley on May 17, 2019, [he] took *no* Morgan Stanley information or documents with [him], in any form, whether electronic or hard copy, or otherwise." (Jacobs Decl. ¶ 4.) Defendant further provides that his new employer, Wells Fargo, instructed him that "if [he] had any such materials in [his] possession, custody, or

control . . . to return all such materials to Morgan Stanley before [he] resigned." (Jacobs Decl. ¶ 5.) Ms. Smith also submitted a declaration indicating that she informed Plaintiff that neither she nor Defendant "had taken any client files with [them] from Morgan Stanley, and that the documents had been purged in connection with the remodel and pursuant to Morgan Stanley['s] instructions, but that the client files were already scanned into the Morgan Stanley system." (Smith Decl. ¶ 4.)

At this time, Plaintiff has not established a likelihood of success. As such, the Court does not address the remaining *Winter* factors.

## V. CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's Application. (ECF No. 10).

**IT IS SO ORDERED.**

June 3, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**